K. Randolph Moore, Esq. SBN 106933
Tanya Moore, Esq. SBN 206683
MOORE LAW FIRM, P.C.
332 N. Second Street
San Jose, CA 95112
Telephone (408) 271-6600
Facsimile (408) 298-6046

**E-filing**

Attorneys for Plaintiff
Michael Holbrook

FILED Paid

2010 NOV 19 A 11:52

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

## ADR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MICHAEL HOLBROOK,

    Plaintiff,

  vs.

ACE HARDWARE CORPORATION;
DOLLAR TREE STORES, INC. and
R.J. DYER REAL PROPERTY
INVESTMENTS CORPORATION,

    Defendants.

No. **CV 10-05255   HRL**

**Plaintiff's Complaint**

## I.    SUMMARY

1. This is a civil rights action by plaintiff MICHAEL HOLBROOK ("Holbrook") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Common Areas
1220-1360 First Street
San Jose, CA 95116
(hereinafter "Gilroy Shopping Center Common Area")

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

1  Ace Hardware of Gilroy
2  1260 First Street
   Gilroy, CAjhu 95020
3  San Jose, CA  95116
4  (hereinafter "Ace Hardware Facility")

5  Dollar Tree Store, Inc.
6  1260 1st Street
7  Gilroy, CA 95020
   (hereinafter "Dollar Tree Store Facility")
8

9      2.  Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§
10          12101 et seq.), and related California statutes, HOLBROOK seeks
11          damages, injunctive and declaratory relief, attorney fees and costs,
12          against:
13      a)      R.J. DYER REAL PROPERTY INVESTMENTS
14              CORPORATION, (hereafter the "Gilroy Shopping Center Common
15              Area Defendant");
16      b)      ACE HARDWARE CORPORATION (hereafter the "Ace Hardware
17              Defendant");
18      c)      DOLLAR TREE STORES, INC. (hereafter the "Dollar Tree Store"
19              Defendant").
20                          II.  JURISDICTION
21      3.  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343
22          for ADA claims.
23      4.  Supplemental jurisdiction for claims brought under parallel California
24          law – arising from the same nucleus of operative facts – is predicated
25          on 28 U.S.C. § 1367.
26      5.  Holbrook's claims are authorized by 28 U.S.C. §§ 2201 and 2202.
27                          III.    VENUE
28

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b),(c).

## IV.   PARTIES

7. The Gilroy Shopping Center Common Area Defendant owns, operates, manages, and/or leases the Gilroy Shopping Center Common Area, and consists of a person (or persons), firm, and/or corporation.

8. The Ace Hardware Defendant owns, operates, manages and/or leases the Ace Hardware Facility, and consists of a person (persons), firm, and/or corporation.

9. The Dollar Tree Store Defendant owns, operates, manages and/or leases the Dollar Tree Store Facility, and consists of a person (persons), firm, and/or corporation.

10. Holbrook is quadriplegic and requires use of a wheelchair when traveling about in public. Consequently, Holbrook is physically disabled as defined by all applicable California and United States laws and the member of the public whose rights are protected by these laws.

## V.   FACTS

11. The Gilroy Shopping Center Common Area is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

12. The Ace Hardware Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

13. The Dollar Tree Store Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

14. Holbrook visited these facilities and encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.

15. To the extent known by Holbrook, the barriers at the Gilroy Shopping Center Common Area included, but are not limited to, the following:

   a. The phone number or address where towed vehicles can be reclaimed is not posted in the appropriate section on each tow-away sign and is not a permanent part of the sign;

   b. The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

   c. Parking bumper or curb is not provided;

   d. Ramps encroach into accessible parking spaces or access aisles;

   e. Surface of the parking spaces and access aisles exceeds 1:50 gradient (2.0%) in any direction;

   f. The access aisle is not placed on the side opposite the driver's side when the vehicle is going forward into the parking space (i.e. the passenger side of the vehicle);

   g. Van accessible parking space does not have an additional sign stating "Van Accessible" mounted below the Symbol of Accessibility;

   h. An additional sign below the symbol of accessibility does not state "Minimum Fine $250.00";

   i. The words "NO PARKING" are not painted in white on the ground within each access aisle;

   j. Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

k. The accessible route does not coincide, to the maximum, extent feasible, with the route for general traffic.

These barriers prevented Holbrook from enjoying full and equal access at the Gilroy Shopping Center Common Area.

16. Holbrook was also deterred from visiting The Gilroy Shopping Center Common Area because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself) at the Gilroy Shopping Center Common Area. He continues to be deterred from visiting the Gilroy Shopping Center Common Area because of the future threats of injury created by these barriers.

17. To the extent known by Holbrook, the barriers at the Ace Hardware Facility included, but were not limited to, the following:

a. The phone numbers or address where towed vehicles can be reclaimed is not posted in the appropriate section on each tow-away sign and is not a permanent part of the sign;

b. The phone number or address where towed vehicles can be reclaimed is not posted in the appropriate section on each tow-away sign and is not a permanent part of the sign;

c. The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

d. Parking bumper or curb is not provided;

e. Ramps encroach into accessible parking spaces or access aisles;

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

f.  Surface of the parking spaces and access aisles exceeds 1:50 gradient (2.0%) in any direction;

g.  The access aisle is not placed on the side opposite the driver's side when the vehicle is going forward into the parking space (i.e. the passenger side of the vehicle);

h.  Van accessible parking space does not have an additional sign stating "Van Accessible" mounted below the Symbol of Accessibility;

i.  An additional sign below the symbol of accessibility does not state "Minimum Fine $250.00";

j.  The words "NO PARKING" are not painted in white on the ground within each access aisle;

k.  Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

l.  The entrance door to a single accommodation toilet room does not contain a privacy latch (push button-lever release recommended);

m.  Aisles with merchandise on one side are not 36" in width or aisles serving both sides are not 44" in width.

n.  Recessed doormats are not adequately anchored to prevent interference with wheelchair traffic;

o.  A clear space of sufficient size to inscribe a 60" diameter circle, or a T-shaped clear space is not provided within the sanitary facility room;

p.  A minimum 60" wide and 48" deep clear floor space is not provided in front of the water closet;

q.  Drain and hot water piping is not insulated or configured to prevent contact;

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

r.  There are sharp and abrasive elements under lavatory;

s.  Mirror located above accessible lavatory or countertop is not installed with the bottom edge of the reflective surface 40" minimum above the finish floor or ground;

t.  Operable parts of all fixtures or accessories are not located a maximum of 40" above floor;

u.  Sanitary facilities are not displaying signs in a minimum of two locations; one type located on the doorway to the facility, and another type mounted on the wall adjacent to the latch side of the door.

v.  The International Symbol of Accessibility is not posted at accessible sanitary facilities;

w.  The restroom identification signage is not located on the wall adjacent to the latch side of the door;

x.  There are no truncated domes provided at every connection of accessible route and driveway;

y.  Directional signage to restrooms is not properly posted.

These barriers prevented Holbrook from enjoying full and equal access at the Ace Hardware Facility.

18. Holbrook was also deterred from visiting the Ace Hardware Facility because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself) at the Ace Hardware Facility. He continues to be deterred from visiting the Ace Hardware Facility because of the future threats of injury created by these barriers.

19. To the extent known by Holbrook, the barriers at the Dollar Tree Store Facility included, but are not limited to, the following:

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

a. The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

b. Parking spaces are not located on the shortest accessible route of travel from adjacent parking to the accessible entrance;

c. Parking bumper or curb is not provided to prevent encroachment of cars over the required width of walkways;

d. Ramps encroach into accessible parking spaces or access aisles;

e. Surface of the parking spaces and access aisles exceeds 1:50 gradient (2.0%) in any direction;

f. The access aisle is not placed on the side opposite the driver's side when the vehicle is going forward into the parking space (i.e. the passenger side of the vehicle);

g. Van accessible parking space does not have an additional sign stating "Van Accessible" mounted below the Symbol of Accessibility;

h. An additional sign below the symbol of accessibility does not state "Minimum Fine $250.00";

i. The words "NO PARKING" are not painted in white on the ground within each access aisle;

j. The accessible route does not coincide, to the maximum extent feasible, with the route for the general traffic;

k. Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

l. The minimum clear width of the accessible route is less than 36";

m. Aisles with merchandise on one side are not 36" in width or aisles serving both sides are not 44" in width.

n. Exposed edges of carpet are not fastened to floor surfaces and don't have trim along the entire length of the exposed edge;

o. The centerline of the water closet is located less than 18" distance from the side-wall or partition;

p. The front end of the side grab bar is not located a minimum of 54" from the rear wall;

q. Drain and hot water piping is not insulated or configured correctly to prevent contact;

r. There are sharp and abrasive elements under lavatory;

s. Mirror is located above accessible lavatory or countertop is not installed with the bottom edge of the reflective surface 40" minimum above the finish floor or ground;

t. Coat hooks and shelving are not located within the appropriate reach ranges";

u. Sanitary facilities are not displaying signs in a minimum of two locations; one type located on the doorway to the facility, and another type mounted on the wall adjacent to the latch side of the door;

v. The proper restroom identification signage is not located on the wall adjacent to the latch side of the door;

w. Accessible toilet facilities are not identified by the International Symbol of Accessibility (white figure on a blue ground).

x. The inside and outside of the compartment door is not equipped with a loop or U-shaped handle located immediately below the latch;

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

1

2

y.  There are no truncated domes provided at every connection of accessible route and driveway ;

3

z.  Directional signage to restrooms is not properly posted;

4

aa. There is insufficient clearance provided on the strike side of the restroom.

5

6

These barriers prevented Holbrook from enjoying full and equal access at the Dollar Tree Store Facility.

7

8

20. Holbrook was also deterred from visiting the Dollar Tree Store Facility because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself) at the Dollar Tree Store Facility. He continues to be deterred from visiting the Dollar Tree Store Facility because of the future threats of injury created by these barriers.

9

10

11

12

13

14

21.Holbrook also encountered barriers at the various facilities which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Holbrook is seeking to remove barriers unrelated to his disability.

15

16

17

18

19

22.Gilroy Shopping Center Defendant knew that these elements and areas of the Gilroy Shopping Center Common Area were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Gilroy Shopping Center Defendant has the financial resources to remove these barriers from the Gilroy Shopping Center Common Area (without much difficulty or expense), and make the Gilroy Shopping Center Common Area accessible to the physically disabled. To date, however, Gilroy Shopping Center

20

21

22

23

24

25

26

27

28

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

Common Area Defendant refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

23. At all relevant times, Gilroy Shopping Center Common Area Defendant has possessed and enjoyed sufficient control and authority to modify the Gilroy Shopping Center Common Area to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Gilroy Shopping Center Common Area Defendant has not removed such impediments and has not modified the Gilroy Shopping Center Common Area to conform to accessibility standards. Gilroy Shopping Center Common Area Defendant has intentionally maintained the Gilroy Shopping Center Common Area and in its current condition and has intentionally refrained from altering the Gilroy Shopping Center Common Area so that it complies with the accessibility standards.

24. Holbrook further alleges that the (continued) presence of barriers at the Gilroy Shopping Center Common Area is so obvious as to establish Gilroy Shopping Center Common Area Defendant's discriminatory intent.[1]   On information and belief, Holbrook avers that evidence of this discriminatory intent includes Gilroy Shopping Center Common Area Defendant's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for The Gilroy Shopping Center Common Area; conscientious decision to the architectural layout (as it currently exists) at the Gilroy Shopping Center Common Area; decision not to remove barriers from the Gilroy Shopping Center Common Area; and allowance that Gilroy Shopping Center Common Area Defendant's property continues to exist in its

---

[1] E.g., <u>Gunther v. Lin</u>, 144 Cal.App.4th 223, fn.6

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

non-compliance state. Holbrook further alleges, on information and belief, that the Gilroy Shopping Center Common Area is not in the midst of a remodel, and that the barriers present at the Gilroy Shopping Center Common Area are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

25. Ace Hardware Defendant knew that these elements and areas of the Ace Hardware Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Ace Hardware Defendant has the financial resources to remove these barriers from the Ace Hardware Facility (without much difficulty or expense), and make the Ace Hardware Facility accessible to the physically disabled. To date, however, Ace Hardware Defendant refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

26. At all relevant times, Ace Hardware Defendant has possessed and enjoyed sufficient control and authority to modify the Ace Hardware Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Ace Hardware Defendant has not removed such impediments and has not modified the Ace Hardware Facility to conform to accessibility standards. Ace Hardware Defendant has intentionally maintained the Ace Hardware Facility and in its current condition and has intentionally refrained from altering the Ace Hardware Facility so that it complies with the accessibility standards.

27. Holbrook further alleges that the (continued) presence of barriers at the Ace Hardware Facility is so obvious as to establish Ace Hardware

---

[2] Id.; 28 C.F.R. § 36.211(b)

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

Defendant's discriminatory intent.[3]   On information and belief, Holbrook avers that evidence of this discriminatory intent includes Ace Hardware Defendant's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Ace Hardware Facility; conscientious decision to the architectural layout (as it currently exists) at the Ace Hardware Facility; decision not to remove barriers from the Ace Hardware Facility; and allowance that Ace Hardware Defendant's property continues to exist in its non-compliance state.  Holbrook further alleges, on information and belief, that the Ace Hardware Facility is not in the midst of a remodel, and that the barriers present at the Ace Hardware Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[4]

28. Dollar Tree Store Defendant knew that these elements and areas of the Dollar Tree Store Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Dollar Tree Store Defendant has the financial resources to remove these barriers from the Dollar Tree Store Facility (without much difficulty or expense), and make the Dollar Tree Store Facility accessible to the physically disabled.  To date, however, Dollar Tree Store Defendant refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

29. At all relevant times, Dollar Tree Store Defendant has possessed and enjoyed sufficient control and authority to modify the Dollar Tree Store Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility

---

[3] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

[4] Id.; 28 C.F.R. § 36.211(b)

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

Guidelines and Title 24 regulations. Dollar Tree Store Defendant has not removed such impediments and has not modified the Dollar Tree Store Facility to conform to accessibility standards. Dollar Tree Store Defendant has intentionally maintained the Dollar Tree Store Facility and in its current condition and has intentionally refrained from altering the Dollar Tree Store Facility so that it complies with the accessibility standards.

30. Holbrook further alleges that the (continued) presence of barriers at the Dollar Tree Store Facility is so obvious as to establish Dollar Tree Store Defendant's discriminatory intent.[5] On information and belief, Holbrook avers that evidence of this discriminatory intent includes Dollar Tree Store Defendant's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Dollar Tree Store Facility; conscientious decision to the architectural layout (as it currently exists) at the Dollar Tree Store Facility; decision not to remove barriers from the Dollar Tree Store Facility; and allowance that Dollar Tree Store Defendant's property continues to exist in its non-compliance state. Holbrook further alleges, on information and belief, that the Dollar Tree Store Facility is not in the midst of a remodel, and that the barriers present at the Dollar Tree Store Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[6]

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

---

[5] E.g., Gunther v. Lin, 144 Cal.App.4[th] 223, fn.6

[6] Id.; 28 C.F.R. § 36.211(b)

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

(Gilroy Shopping Center Common Area Defendant)

31. Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

32. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

33. Gilroy Shopping Center Common Area Defendant discriminated against Holbrook by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of The Gilroy Shopping Center Common Area during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

34. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

35. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

36. Here, Holbrook alleges that Gilroy Shopping Center Common Area Defendant can easily remove the architectural barriers at Gilroy Shopping Center Common Area without much difficulty or expense,

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

and that Gilroy Shopping Center Common Area Defendant violated the
ADA by failing to remove those barriers, when it was readily
achievable to do so.

In the alternative, if it was not "readily achievable" for Gilroy Shopping
Center Common Area Defendant to remove the Gilroy Shopping Center
Common Area's barriers, then Gilroy Shopping Center Common Area
Defendant violated the ADA by failing to make the required services
available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct and Accessible Facility</u>

37. On information and belief, the Gilroy Shopping Center Common
Area's was designed and constructed (or both) after January 26, 1992 –
independently triggering access requirements under Title III or the
ADA.

38. The ADA also prohibits designing and constructing facilities or first
occupancy after January 16, 1993, that aren't readily accessible to, and
usable by, individuals with disabilities when it was structurally
practicable to do so. 42 U.S.C. § 12183(a)(1).

39. Here, Gilroy Shopping Center Common Area Defendant violated the
ADA by designing and constructing (or both) the Gilroy Shopping
Center Common Area's in a manner that was not readily accessible to
the physically disabled public – including Holbrook – when it was
structurally practical to do so.[7]

<u>Failure to Make an Altered Facility Accessible</u>

40. On information and belief, the Gilroy Shopping Center Common
Area's was modified after January 26, 1992, independently triggering
access requirements under the ADA.

41. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

42. Here, Gilroy Shopping Center Common Area Defendant altered The Gilroy Shopping Center Common Area's in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Holbrook – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

43. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

44. Here, Gilroy Shopping Center Common Area Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Gilroy Shopping Center Common Areas, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

45. Holbrook seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

---

[7] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing *Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

46. Holbrook also seeks a finding from this Court (i.e., declaratory relief) that Gilroy Shopping Center Common Area Defendant violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.   SECOND CLAIM

### Disabled Persons Act

(Gilroy Shopping Center Common Area Defendant)

47. Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

48. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

49. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

50. Both sections specifically incorporate (by reference) and individual's rights under the ADA.  See Civil Code §§ 54(c) and 54.1(d).

51. Here, Gilroy Shopping Center Common Area Defendant discriminated against the physically disabled public – including Holbrook – by denying them full and equal access to the Gilroy Shopping Center Common Area.  Gilroy Shopping Center Common Area Defendant also violated Holbrook's rights under the ADA, and therefore,

---

this action as a private attorney general under either state of federal statutes.
*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

infringed upon or violated (or both) Holbrook's rights under the Disabled Persons Act.

52. For each offense of the Disabled Persons Act, Holbrook seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

53. He also seeks to enjoin Gilroy Shopping Center Common Area Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

(Gilroy Shopping Center Common Area Defendant)

54. Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

55. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

56. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

57. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

58. Gilroy Shopping Center Common Area Defendant aforementioned acts and omissions denied the physically disabled public – including Holbrook – full and equal accommodations, advantages, facilities,

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

privileges and services in a business establishment (because of their physical disability).

59. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Holbrook by violating the Unruh Act.

60. Holbrook was damaged by Gilroy Shopping Center Common Area Defendant wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

61. Holbrook also seeks to enjoin Gilroy Shopping Center Common Area Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(Gilroy Shopping Center Common Area Defendant)

62.   Holbrook incorporates the allegations contained in paragraphs 1 through 30 of this claim.

63.   Health and Safety Code § 19955(a) states, in part, that:   California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

64.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

65.   Holbrook alleges the Gilroy Shopping Center Common Area is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code §

4450 (or both), and that the Gilroy Shopping Center Common Area was not exempt under Health and Safety Code § 19956.

66.     Gilroy Shopping Center Common Area Defendant's non-compliance with these requirements at the Gilroy Shopping Center Common Area aggrieved (or potentially aggrieved) Holbrook and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. FIFTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(Ace Hardware Defendant)

67. Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

68. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

69. Ace Hardware Defendant discriminated against Holbrook by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Ace Hardware Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

70. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.   42 U.S.C. § 12182(b)(2)(A)(iv).   The term

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

"readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

71. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

72. Here, Holbrook alleges that Ace Hardware Defendant can easily remove the architectural barriers at Ace Hardware Facility without much difficulty or expense, and that Ace Hardware Defendant violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

73. In the alternative, if it was not "readily achievable" for Ace Hardware Defendant to remove the Ace Hardware Facility's barriers, then Ace Hardware Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct and Accessible Facility

74. On information and belief, the Ace Hardware Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

75. The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

76. Here, Ace Hardware Defendant violated the ADA by designing and constructing (or both) the Ace Hardware Facility in a manner that was

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

not readily accessible to the physically disabled public – including Holbrook – when it was structurally practical to do so.[8]

### Failure to Make an Altered Facility Accessible

77. On information and belief, the Ace Hardware Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

78. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

79. Here, Ace Hardware Defendant altered the Ace Hardware Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Holbrook – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

80. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

81. Here, Ace Hardware Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Ace Hardware Facility, when these modifications were necessary to

---

[8] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing *Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

82. Holbrook seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

83. Holbrook also seeks a finding from this Court (i.e., declaratory relief) that Ace Hardware Defendant violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XI.   SIXTH CLAIM

### Disabled Persons Act

(Ace Hardware Defendant)

84. Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

85. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

86. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

87. Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

---

this action as a private attorney general under either state of federal statutes.
*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

88. Here, Ace Hardware Defendant discriminated against the physically disabled public – including Holbrook – by denying them full and equal access to the Ace Hardware Facility. Ace Hardware Defendant also violated Holbrook's rights under the ADA, and therefore, infringed upon or violated (or both) Holbrook's rights under the Disabled Persons Act.

89. For each offense of the Disabled Persons Act, Holbrook seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

90. He also seeks to enjoin Ace Hardware Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XII.   SEVENTH CLAIM

### Unruh Civil Rights Act

#### (Ace Hardware Defendant)

91. Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

92. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

93. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

94. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

95. Ace Hardware Defendant aforementioned acts and omissions denied the physically disabled public – including Holbrook – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

96. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Holbrook by violating the Unruh Act.

97. Holbrook was damaged by Ace Hardware Defendant wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

98. Holbrook also seeks to enjoin Ace Hardware Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XIII. EIGHTH CLAIM

### Denial of Full and Equal Access to Public Facilities

#### (Ace Hardware Defendant)

99.    Holbrook incorporates the allegations contained in paragraphs 1 through 30 of this claim.

100.    Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

101.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

102.   Holbrook alleges the Ace Hardware Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Ace Hardware Facility was not exempt under Health and Safety Code § 19956.

103.   Ace Hardware Defendant's non-compliance with these requirements at the Ace Hardware Facility aggrieved (or potentially aggrieved) Holbrook and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

XIV. NINTH CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

(Dollar Tree Store Defendant)

104.   Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

105.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.   42 U.S.C. § 12182(a).

106.   Dollar Tree Store Defendant discriminated against Holbrook by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Dollar Tree Store Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

107.  The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

108.  When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.  Id. § 12182(b)(2)(A)(v).

109.  Here, Holbrook alleges that Dollar Tree Store Defendant can easily remove the architectural barriers at Dollar Tree Store Facility without much difficulty or expense, and that Dollar Tree Store Defendant violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

110.  In the alternative, if it was not "readily achievable" for Dollar Tree Store Defendant to remove the Dollar Tree Store Facility's barriers, then Dollar Tree Store Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct and Accessible Facility

111.  On information and belief, the Dollar Tree Store Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

112. The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

113. Here, Dollar Tree Store Defendant violated the ADA by designing and constructing (or both) the Dollar Tree Store Facility in a manner that was not readily accessible to the physically disabled public – including Holbrook – when it was structurally practical to do so.[9]

<u>Failure to Make an Altered Facility Accessible</u>

114. On information and belief, the Dollar Tree Store Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

115. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

116. Here, Dollar Tree Store Defendant altered the Dollar Tree Store Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Holbrook – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

117. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods,

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

118. Here, Dollar Tree Store Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Dollar Tree Store Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

119. Holbrook seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

120. Holbrook also seeks a finding from this Court (i.e., declaratory relief) that Dollar Tree Store Defendant violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XV.   TENTH CLAIM

### Disabled Persons Act

(Dollar Tree Store Defendant)

121. Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

122. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

---

[9] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state of federal statutes.
*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

123. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

124. Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

125. Here, Dollar Tree Store Defendant discriminated against the physically disabled public – including Holbrook – by denying them full and equal access to the Dollar Tree Store Facility. Dollar Tree Store Defendant also violated Holbrook's rights under the ADA, and therefore, infringed upon or violated (or both) Holbrook's rights under the Disabled Persons Act.

126. For each offense of the Disabled Persons Act, Holbrook seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

127. He also seeks to enjoin Dollar Tree Store Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XVI. ELEVENTH CLAIM

### Unruh Civil Rights Act

### (Dollar Tree Store Defendant)

128. Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

129.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

130.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

131.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

132.   Dollar Tree Store Defendant aforementioned acts and omissions denied the physically disabled public – including Holbrook – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

133.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Holbrook by violating the Unruh Act.

134.   Holbrook was damaged by Dollar Tree Store Defendant wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

135.   Holbrook also seeks to enjoin Dollar Tree Store Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XVII. TWELVTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(Dollar Tree Store Defendant)

136.   Holbrook incorporates the allegations contained in paragraphs 1 through 30 of this claim.

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

137.   Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

138.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

139.   Holbrook alleges the Dollar Tree Store Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Dollar Tree Store Facility was not exempt under Health and Safety Code § 19956.

140.   Dollar Tree Store Defendant's non-compliance with these requirements at the Dollar Tree Store Facility aggrieved (or potentially aggrieved) Holbrook and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XVIII.   PRAYER FOR RELIEF

WHEREFORE, Holbrook prays judgment against Gilroy Shopping Center Common Area Defendant for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Gilroy Shopping Center Common Area Defendant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

4. Attorneys' fees, litigation expense, and costs of suit.[10]

5. Interest at the legal rate from the date of the filing of this action.

### XIX. PRAYER FOR RELIEF

WHEREFORE, Holbrook prays judgment against Ace Hardware Defendant for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Ace Hardware Defendant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys'-fees, litigation expense, and costs of suit.[11]

5. Interest at the legal rate from the date of the filing of this action.

### XX. PRAYER FOR RELIEF

WHEREFORE, Holbrook prays judgment against Dollar Tree Store Defendant for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Dollar Tree Store Defendant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expense, and costs of suit.[12]

5. Interest at the legal rate from the date of the filing of this action.

---

[10] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

[11] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

[12] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint

Dated: November 18, 2010          /s/ K. Randolph Moore
                                  K. Randolph Moore
                                  Attorney for Plaintiff

*Holbrook v. Ace Hardware Corporation, et al.*

Plaintiff's Complaint